BEFORE THE THIRD DIVISION, AUGUST 19, 1954

**No. 58331.**—International Food Trading Co., Inc. *v.* United States, protest 224254–K (New York).

JOHNSON, Judge: In this case, plaintiff claims an allowance in duty by reason of a shortage of 9 cases of tomato paste out of a shipment of 100 cases.

According to the collector's letter of transmittal, duty was assessed for the reason that the affidavit of short shipment required by customs regulations was not filed within the prescribed time. In the case of *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351, it was held that the issue in shortage cases is not whether there was a compliance with customs regulations, but whether there was, in fact, a nonimportation, and that evidence may be introduced before the Customs Court to establish that such shortage existed at the time of unlading.

It appears from the official papers that the entire shipment herein was entered for warehouse and that 91 cases were refused entry by the Federal Security Agency and were exported. At the trial, there was received in evidence the inspector's report on the back of the warehouse permit, which states that nine cases manifested were not found.

Carmelo Oliveri, president of the plaintiff corporation, testified that the invoice showed 100 cases and that 91 cases were condemned and sent back. He did not see nor receive the nine cases which the inspector reported manifested, not found, nor did anyone receive them on his behalf.

343

In view of the evidence that the entire shipment was entered for warehouse, that 91 cases were condemned and exported, and that the plaintiff never received the 9 cases reported not found by the inspector, we are of opinion that the said cases were not, in fact, imported.

Judgment will therefore be rendered in favor of plaintiff, directing the collector to reliquidate the entry, making refund of the duty assessed upon the said nine cases.